Andrew D. Skale (SBN 211096)
adskale@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, CA  92130
Telephone:  (858) 314-1500
Facsimile:  (858) 314-1501

*Attorneys for Plaintiff*
HOT IN HERE, INC.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOT IN HERE, INC.<br><br>            Plaintiff,<br><br>    v.<br><br>GARY MAURICE "JOYNER" LUCAS JR.<br><br>            Defendant. | Case No. **'25CV2999 BAS JLB**<br><br>**PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**<br><br>**JURY TRIAL DEMANDED** |

**JURISDICTION AND VENUE**

1. This is a civil action against Defendants for acts of copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 et seq. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that Plaintiff resides in California, the claim arises in this judicial district, , the acts complained of herein occurred in this judicial district, and the injury suffered by Plaintiff took place in this judicial district.  Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California.  Specifically, Defendant Maurice "Joyner" Lucas Jr.

("Joyner") regularly does business in California and targets Southern California residents. Among other things, Defendant's social media content, including the content at issue in this litigation, targets consumers from Southern California and, on information and belief, is intended to promote Defendant's business in Southern California.

## PARTIES

3. Plaintiff Hot in Here, Inc. is a New Jersey corporation, a principal place of business located in California, and its owner and CEO residing in California.

4. Defendant Joyner Lucas is a Worcester Massachusetts resident.

## FACTS COMMON TO ALL COUNTS

5. Hot in Here, Inc. is primarily engaged in the radio broadcasting industry, focusing on new media content, which was created and owned by Vlad Lyubovny (also known as "DJ Vlad").

6. DJ Vlad is a DJ, director, journalist, and interviewer. He is also the Chief Executive Owner of Plaintiff. Plaintiff owns "VladTV," a world-leading provider of celebrity interviews and urban news. Plaintiff's YouTube channel, @djvlad features DJ Vlad's interviews of famous music artists and entertainers and has over six million subscribers.

*Hot In Here, Inc.'s Copyrighted Material*

7. Hot in Here, Inc. owns a Copyrighted YouTube video, titled "Aries Spears Clowns British Rappers: That S*** Sounds Ridiculous! (Part 12)" (the "Copyrighted Video"). The Copyrighted Video is 5:42 minutes long.

8. Between timestamps 1:04 – 1:13, Aries Spears can be seen imitating British Rap.

*Defendant's Violation of Hot in Here, Inc.'s Copyright*

9. Defendant operates and controls an X account located at @JoynerLucas ("X Account") to promote his brand and business.

2

COMPLAINT FOR COPYRIGHT INFRINGEMENT (U.S.C. § 501)

10. Defendant violated federal law by willfully infringing Hot in Here, Inc.'s copyright by posting a video on July 6, 2025 ("the Infringing Post"). The Infringing Post consisted of Plaintiff's clip of Aries Spears imitating British rap but cuts off the part of the video where Plaintiff's "VLADTV" logo would be visible.

11. The Infringing Post, which has now been taken down by X through a Digital Millennium Copyright Act ("DMCA") request, had been viewed at least 4.4 million times, and had generated 655 comments, 2.8K retweets, 20K likes, and 3.1 bookmarks.

12. Attached hereto as Exhibit A and incorporated herein by reference are true and correct screenshots of the X Account, including screenshots of the infringed Video at issue in this lawsuit.

13. Additionally, Defendant induced, caused, or materially contributed to the reproduction, distribution and public display of the Copyrighted Video, and derivatives thereof, all while knowing or having reason to know of the infringement on its accounts were without permission, consent, or license.

14. By uploading the Copyrighted Video to the account, Defendant encourages its fans and followers to "share" the Video, thus, causing others to also willfully infringe and multiplying the harm to Plaintiff.

15. Defendant operates and controls the X Account at all times relevant to this dispute and financially benefits from the infringement of the Copyrighted Video displayed thereto.

16. Plaintiff attempted to resolve this dispute with Defendant prior to filing this lawsuit.

17. After Plaintiff made efforts to communicate with Defendant and discuss a resolution in good faith, Defendant directed his manager, Dhruv Joshi to send Plaintiff a text message containing expletives (attached hereto as Exhibit B).

18. The parties' lawyers were subsequently unable to reach a resolution.

19. Plaintiff therefore has no choice but to file this lawsuit.

## FIRST CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT, 17 U.S.C. § 501)

20. Plaintiff repeats and realleges each of the allegations set forth in this Complaint.

21. Plaintiff is the owner of all right, title, and interest in the copyright of the Copyrighted Video that frames this dispute, which substantially consists of material wholly original and which is copyrightable subject matter under the laws of the United States.

22. Plaintiff filed for copyright registration of the Copyrighted Video within 90 days of its first publication with the United States Copyright Office.

23. Plaintiff filed and obtained from the U.S. Copyright Office a copyright registration for its Copyrighted Video, Registration No. PA 2-515-485 titled "Aries Spears on Diddy, Kodak Black, Jonathan Majors, Eddie Murphy, Chris Tucker (Full Interview)" (of which Part 12 is a segment) (attached hereto as Exhibit C).

24. Defendant has directly, vicariously, contributorily and/or by inducement willfully infringed Plaintiff's copyright by reproducing, displaying, distributing, and utilizing the Copyrighted Video for purposes of trade in violation of 17 U.S.C. § 501 et seq.

25. All of the Defendant's acts are and were performed without permission, license, or consent of Plaintiff.

26. Plaintiff has identified at least one instance of infringement by way of unlawful reproduction and display of the Copyrighted Video.

27. As a result of the acts of Defendant alleged herein, Plaintiff has suffered substantial economic damage.

28. Defendant has willfully infringed, and, unless enjoined, will continue to infringe Plaintiff's copyright by knowingly reproducing, displaying, distributing, and

utilizing the Copyrighted Video by, among other things, virtue of Defendant's encouragement of the infringement and financial benefit it receives from Plaintiff's copyright.

29. The above-documented infringement alone would entitle Plaintiff to a potential award of up to $150,000 in statutory damages for the at-least infringed video, in addition to its attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. That the Defendant, and his officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, the Copyrighted Video;

2. That an accounting be made for all profits, income, receipts or other benefit derived by Defendant from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyright pursuant to 17 U.S.C. § 504 (a)(1) & (b);

3. For actual damages and disgorgement of all profits derived by Defendant from its acts of copyright infringement and for all damages suffered by it by reasons of Defendant's acts, under 17 U.S.C. § 504 (a)(1) & (b);

4. For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(a)(2) & (c);

5. For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

6. For costs and interest pursuant to 17 U.S.C. § 504 (a)(1) & (b), 17 U.S.C. § 505;

7. For any such other and further relief as the Court may deem just and appropriate.

Dated: November 4, 2025

Respectfully submitted,

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.

By: /s/ *Andrew D. Skale*
Andrew D. Skale (211096)

COMPLAINT FOR COPYRIGHT INFRINGEMENT (U.S.C. § 501)